IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| PATRICK TRIEU | § | |
| --- | --- | --- |
|    PLAINTIFF | § | |
| | § | |
| V. | § | CAUSE NO. _____ |
| | § | |
| JAMES EDDIE LAWRENCE; | § | |
| OAKLEY TRANSPORTATION LLC; | § | |
|    DEFENDANTS | § | |
| | § | JURY DEMANDED. |

## Plaintiff's Original Complaint

Plaintiff was injured in an accident caused by the Defendants. Plaintiff therefore files this complaint, seeking compensation for the damages caused by Defendants.

## Jurisdiction and Venue

1. This Court has personal jurisdiction over Defendants because they conduct substantial business in Texas and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Texas.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)

because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Parties

4. Plaintiff Patrick Trieu is an individual who is Texas resident residing at 18226 Mulberry Spring Cir., Richmond, Fort Bend County, Texas.

5. Defendant, James Eddie Lawrence is an individual who is believed to be a Florida resident and may be served at his home address of 679 SW 3rd St., Belle Glade, Florida 33430 or wherever he may be found.

6. Defendant, Oakley Transportation, LLC is a for profit limited liability company with its principal place of business at 101 ABC Rd, Lake Wakes, Florida 33589 and may be served with process at that location.

## Factual Background

7. This case stems from Defendants negligence in the operation of tractor trailers, causing Plaintiff to sustain substantial damages.

8. On August 3, 2022 at 03:30AM defendant James Eddie Lawrence ("Lawrence") was driving a 2018 VOLVE 760 White tractor trailer owned and/or operated by and on behalf of defendant Oakley Transportation, LLC ("Oakley"). Mickie Stewart ("Stewart") was driving a 2015 White Freightliner tractor trailer owned and/or operated by and on behalf of Green Ranger Delivery Service, Inc ("Green Ranger"). Plaintiff Patrick Trieu ("Trieu") was operating a 2015 Blue Freightliner tractor trailer on behalf of ZFX Transportation.

2

9. Lawrence, was traveling north on the #1 Northbound lane on the 100th block of I-75N approaching the junction with I-24W. Stewart was also traveling north in the #2 Northbound lane on the 100th block of I-75N approaching the junction with I-24W. Trieu was traveling north in the #3 Northbound lane on the 100th block of I-75N approaching the junction with I-24W.

10. Lawrence changed lanes from #1 northbound lane to the #2 northbound lane causing Stewart to hit the trailing end of the tractor operated by Lawrence. Lawrence continued changing lanes to the #3 northbound lane causing Trieu to hit the trailing end of the tractor of Lawrence.

11. As a result of Lawrence's actions, Stewart and Trieu veered to the left and hit the center dividing wall between the northbound and southbound lanes. Stewart and Trieu came to rest against the center dividing wall. Lawrence continued traveling across the lanes and entered on the junction for I-224W where driver Lawrence stopped his vehicle.

12. Lawrence caused the vehicle he was operating to improperly change lanes and caused other vehicles operated by Stewart and Trieu to strike his vehicle and crash into the center dividing wall. Lawrence's unreasonable lane crossover was consciously and deliberately performed by him and caused Trieu to sustain life-altering and permanent injuries. Since the accident, Trieu has had to visit numerous doctors and healthcare providers to address debilitating injuries he sustained in the accident. Trieu is still suffering from

3

his injuries and may foreseeably have to undergo multiple surgeries, including neurological surgery, to try to address the damages to his body caused by the accident. He will continue to suffer from his injuries over the course of his life.

## Causes of Action

**A.  Negligence and Gross Negligence.**

13. Plaintiff repeats and re-allege each allegation contained above.

14. Plaintiff sustained injuries because of the negligence and gross negligence of the Defendants when Lawrence:

   a. Failed to maintain a safe distance;

   b. Failed to pay attention to the road ahead;

   c. Failed to take adequate precautions;

   d. Failed to exercise caution;

   e. Failed to keep a proper lookout;

   f. Failed to operate the vehicle safely;

   g. Violated applicable rules, regulations, and traffic laws;

   h. Failed to properly supervise its employees;

   i. Failed to properly train its employees; and

   j. Other acts deemed negligent and grossly negligent;

15. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants'

negligence, Plaintiff suffered severe physical injury. Plaintiff are entitled to recover for these injuries.

16. Additionally, the action/inactions of the Defendants were done with a reckless disregard to a substantial risk of bodily injury. As such, Plaintiff is entitled to exemplary damages.

**B. Negligence *Per Se*.**

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

18. Defendants' conduct described herein constitutes an unexcused breach of duties imposed by the Tennessee Code under Section 55-10-205 (Reckless Driving).

19. Plaintiff is a member of the class that the sections of the Tennessee Code were designed to protect.

20. Defendants' unexcused breach of the duties imposed by the sections of the Tennessee Code proximately caused Plaintiff's injuries described herein.

**C. Respondeat Superior.**

21. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

22. At the time of the collision and immediately prior thereto, Lawrence was within the course and scope of employment for Oakely.

23. At the time of the collision and immediately prior thereto,

Lawrence was engaged in the furtherance of Oakley's business.

24. At the time of the collision and immediately prior thereto, Lawrence was engaged in accomplishing a task for which he was employed by Oakley.

25. Plaintiff invokes the doctrine of *Respondeat Superior* against Oakley for the conduct of Lawrence.

**D.    Agency.**

26. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

27. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Oakley, occurred within the scope of the actual or apparent authority of such person on behalf of Oakley.

28. Therefore, Oakley is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

**E.    Negligence Hiring Against Oakley.**

29. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

30. Plaintiff sustained injuries as a result of Oakley's negligent hiring because of their:

    a. Failure to conduct a reasonable and adequate interview of Lawrence as a potential employee;

    b. Failure to properly follow up on information not provided by Lawrence in the interview process;

    c. Failure to conduct a proper employment background check of Lawrence;

    d. Failure to sufficiently investigate Lawrence's training, prior employment, criminal record, and past;

    e. Failure to perform the required screening, testing, and physical of Lawrence;

    f. Failure to adopt proper policies and procedures regarding the interview of a potential employee/contractor who will be driving on behalf of Oakley.

31. On balance, Oakley owed a duties consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Oakley's negligent and grossly negligent hiring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for their injuries.

32. Additionally, the actions/inactions of Oakley were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**F.     Negligent Training Against Oakley.**

33.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

34.    Plaintiff sustained injuries as a result of the negligent training of Oakley because of their:

   a. Failure to explain and demonstrate its safety policies and procedures to Lawrence;

   b. Failure to provide the necessary training to Lawrence regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

   c. Failure to properly train their drivers regarding all aspects of driver safety;

   d. Failure to train their employees, including Lawrence, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

e. Failure to provide and/or require regular follow-up driver education and training.

f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

35. Additionally, the action/inactions of Oakley were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## G. Negligent Supervision, Retention, and Monitoring by Oakley.

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

37. Plaintiff sustained injuries as a result of the negligent supervision, retention, and monitoring of Oakley because of their:

a. Failure to monitor Lawrence to make sure they were complying with policies and procedures.

b. Failure to interview and test Lawrence to make sure they had read, and was familiar with, understood, and followed company policies and procedures;

c. Failure to implement proper policies and procedures for their employees, including Lawrence, regarding the driver safety and vehicle safety;

d. Failure to supervise Lawrence to ensure that they were keeping the vehicle properly maintained;

e. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

38. On balance, Oakley owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result, Oakley's negligent and grossly negligent entrustment of a commercial motor vehicle to Lawrence, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for their injuries.

39. Additionally, the actions/inactions of Oakley were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## H. Ratification Against Oakley.

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes as if set forth fully herein.

41. Oakley are responsible for the negligence and gross negligence of Lawrence under the theory of ratification because Oakley:

a. Retained its driver after they committed the underlying tortious acts;

b. Knew of their driver's tortious acts;

c. Recognized that their driver will likely continue to be negligent if he is retained;

d. Recognized that their driver will likely continue to be grossly negligent if they are retained;

e. Failed to take adequate measures to prevent their driver from committing future tortious acts; and

f. Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Oakley gained knowledge of the conduct.

42. As a result of Lawrence's negligent and grossly negligent conduct, which Oakley ratified, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for his injuries. Oakley's actions were done with a reckless disregard to substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## Damages

43. As a direct and proximate cause of the acts and omissions set out above, Plaintiff sustained injuries in the accident made the basis of this suit. From the date of the occurrence in question until the time of trial of this case, those elements of damages should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each of the elements as follows:

a. All damages requested including monetary relief over $1,000,000;

b. physical pain and mental anguish in the past and future;

c. physical disfigurement in the past and the future;

d. physical impairment in the past and the future;

e. medical expenses in the past and the future;

f. exemplary damages;

g. all other damages allowed by law and equity.

## Pre-Judgment Interest

43. Plaintiff would additionally show that they are entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, accordingly Plaintiff sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the law of the State of Texas.

## Jury Demand

44. Plaintiff demands a jury trial for all causes of action for which they have a right to jury trial.

## Conclusion and Prayer

45. For these reasons, Plaintiff prays that the Court award them a judgment against the Defendants for the following:

a. Compensatory damages;

b. Past and future medical expenses;

d. Actual damages;

e. Consequential damages;

f. Past and future disfigurement;

g. Loss of earning capacity in the future;

h. Pain and suffering;

i. Exemplary damages;

j. Past and future mental anguish;

k. Past and future impairment;

l. Interest on damages (pre- and post-judgment) in accordance with law;

m. Costs of court;

n. Expert witness fees;

o. Costs of litigation expenses; and

p. Any such other and further relief to which the Plaintiff may be justly entitled in law or in equity.

Respectfully submitted,

*/s/ James Ardoin*

JAMES ARDOIN
State Bar No. 24045420
Email: jimmy@jimmyardoinlaw.com
JIMMY ARDOIN & ASSOCIATES PLLC
4900 Fournace Place, Suite 414
Bellaire, Texas 77401
P: (713) 574-8900
F: (713) 574-1404

GEORGE J. HITTNER
State Bar No. 24038959
S.D. TX No. 431901
Email: george@thehittnergroup.com
THE HITTNER GROUP, PLLC
P.O. Box 541189
Houston, Texas 77254
Phone: (713) 505-1003